UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VOODOO LICENSING, LLC,
a Pennsylvania limited liability
company,

Plaintiff,

v. Case No.: 2:26-cv-830-SPC-NPM

DIRTY BOY & DIRTY GIRL, LLC,
a Florida limited liability company;
KEITH B. TOWLES, an individual;
and MASHELLE W. TOWLES, an
individual,

Defendants.

---

**OPINION AND ORDER**

Before the Court are Defendants Dirty Boy & Dirty Girl, LLC, Keith B. Towles, and Mashelle W. Towles' Motion to Dismiss Count IV of Plaintiff's First Amended Complaint (Doc. 39) and Plaintiff Voodoo Licensing, LLC's response (Doc. 45). For the reasons that follow, the motion is denied.

**Background**

Plaintiff and Defendants entered into a franchise agreement under which Plaintiff provided Defendants with a host of proprietary information, equipment, and training on the operation of a Voodoo brewery. (Doc. 30 ¶¶ 8–34). Within one year of opening a Voodoo brewery, Defendants shut it down,

citing a lack of funds. (*Id.* ¶ 25, 29). The franchise agreement was terminated. (*Id.* ¶ 27). A few months later, Defendants opened a new competing craft brewery under a different name in the same location, with the same phone number and similar menu, using Defendants' proprietary information and equipment. (*Id.* ¶¶ 31–36).

Plaintiff now brings the following claims against Defendants: Count I - Breach of Contract Due to Failure to Remain Open (*Id.* ¶¶ 65–68); Count II – Breach of Contract Due to Failure to Honor Plaintiff's Option to Purchase (*Id.* ¶¶ 69–72); Count III – Breach of Contract Due to Violations of Post-Termination Non-Compete (*Id.* ¶¶ 73–77); and Count IV – Common Law Unfair Competition (*Id.* ¶¶ 78–84). Only Count IV is at issue in Defendants' Motion. Defendants move to dismiss Count IV under Federal Rule of Civil Procedure 12(b)(6). (Doc. 39).

## Legal Standard

Together, Rules 8 and 10 establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A defendant can attack a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6)

motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). But acceptance of a complaint's allegations is limited to well-pleaded allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

**Analysis**

The Defendants move to dismiss Count IV of the Complaint for failure to state a claim for common law unfair competition. The parties disagree on which state's law applies to Count IV, Pennsylvania or Florida. According to Defendants, Pennsylvania law governs tort claims because the franchise agreement, in relevant part, provides: "this Franchise Agreement *and the franchise relationship* shall be governed by the laws of the State of Pennsylvania[.]" (Doc. 30-1 ¶ 25.1; Doc. 39 at 6) (emphasis added). The Court agrees.

"In determining whether a choice of law clause contained in a contract between two parties also governs tort claims between those parties, a court must first examine the scope of the provision." *Cooper v. Meridian Yachts*, Ltd., 575 F.3d 1151, 1162 (11th Cir. 2009). The Eleventh Circuit has noted that a provision including claims "arising out of the *relationship of the parties*" is broad enough to encompass tort claims. *See Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003) (emphasis added). As a result, the provision at issue covers tort claims, and Count IV will be analyzed under Pennsylvania law.

"It is not so easy to conclude that there is one narrow and clear category of the common law tort of unfair competition" under Pennsylvania law. *Sandoz Inc. v. Lannett Co.*, Inc., 544 F. Supp. 3d 505, 510 (E.D. Pa. 2021) (quotations omitted). "The claim 'encompasses trademark infringement, but also includes a broader range of unfair practices, which may generally be described as a misappropriation of the skill, expenditures and labor of another.'" *Id.* (quoting *Pennsylvania State Univ. v. Univ. Orthopedics, Ltd.*, 706 A.2d 863, 867 (Pa. Super. Ct. 1998).

"Under Pennsylvania law, the common law tort of unfair competition encompasses misleading statements and the usurpation of competitors' product rights. The Pennsylvania Supreme Court has stated that to allow false and misleading representations in outreach to customers is to countenance

unfair competition." *Id.* at 511 (quotations omitted). Additionally, "Pennsylvania courts have recognized a cause of action for the common law tort of unfair competition where there is evidence of, among other things, trademark, trade name, and patent rights infringement, misrepresentation, tortious interference with contract, improper inducement of another's employees, and unlawful use of confidential information." *NSI Nursing Sols. Inc. v. Volume Recruitment Servs.*, LLC, Case No. 17-1613, 2018 WL 3023542, at *4 (E.D. Pa. June 18, 2018).

Plaintiff has adequately pled a claim for common law unfair competition under Pennsylvania law. Plaintiff alleges essentially that Defendants used Plaintiff's proprietary information, equipment, and trade dress to open a new competing craft brewery under a different name following termination of the franchise agreement. (*See generally* Doc. 30). The new brewery is in the same location, has the same phone number, a similar menu, and uses Defendants' proprietary equipment, including doors hanging from the ceiling, a style unique to Voodoo breweries. (*See id.*).

In support of Count IV specifically, Plaintiff alleges at length that Defendants are unfairly competing with Plaintiff through trade dress infringement, misappropriation of the skill, expenditures, and labors of Plaintiff, unlawful use of confidential information belonging to Plaintiff, and misleading representations by Defendants to customers. (*See id.* ¶¶ 8–64, 78–

84). *See also id.* at *4; *Sandoz Inc.*, 544 F. Supp. 3d at 510–511. Given the law set forth above and the detailed allegations in the amended complaint, Plaintiff has stated a claim for common law unfair competition in Count IV.

Accordingly, it is now

**ORDERED:**

1. Defendants Dirty Boy & Dirty Girl, LLC, Keith B. Towles, and Mashelle W. Towles' Motion to Dismiss Count IV of Plaintiff's First Amended Complaint (Doc. 39) is **DENIED**.
2. Defendants shall answer the First Amended Complaint **on or before October 21, 2026**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record